CHARLES G. MAYER, Respondent, *v.* EMANUEL FRANKFELD, Appellant.

*Contract signed with a name, common to an individual and a firm — parol evidence competent to explain it — non-joinder of dormant partners.*

In an action brought upon a written contract signed with the name of an individual, which was also the name of a co-partnership, there is a patent ambiguity upon the face of the contract, to eliminate which parol testimony is competent to show whether the contract was made by the individual or the co-partnership.

In actions against co-partners, any one of the co-partners, if sued alone, may plead a defect of parties.

If a creditor of a co partnership does not know of the existence of dormant part-
ners, he need not make them parties to an action brought by him against the
partnership, but if he does know of their existence he must make them parties.

Appeal by the defendant, Emanuel Frankfeld, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of New York on the 20th day of June,
1894, upon the verdict of a jury, rendered after a trial at the New
York Circuit, and also from an order entered in said clerk's office on
the 21st day of June, 1894, denying the defendant's motion for a
new trial made upon the minutes.

*Leo G. Rosenblatt,* for the appellant.

*Isaac Kugelman* and *C. De H. Brower,* for the respondent.

Van Brunt, P. J. :

This action was brought to recover upon a contract made by the
plaintiff with E. Frankfeld. The defendant by his answer, amongst
other things, set up a defect of parties, alleging that E. Frankfeld
was the name of a firm consisting of Emanuel, Louis and Benjamin
Frankfeld, who were living and residing within the city of New
York. Upon the trial the defendant sought to prove that prior to
the entering into this agreement the plaintiff had notice of the fact
of the co-partnership, and that the business was done under the
name of E. Frankfeld, and that the contract was made for the pur-
poses of that business. This evidence was excluded by the court
upon the apparent ground that the contract upon its face was an
individual contract of E. Frankfeld, and that evidence to show that
E. Frankfeld was the name of a firm was incompetent for the pur-
pose of showing who the real contracting parties were.

Upon this appeal this ruling is sought to be upheld by the
respondent on the ground that E. Frankfeld having executed this
contract in his individual name, he will be held personally liable as
contracting agent, whether he is shown to be an agent or not. We
think that the principle relied on has no application whatever to
the case at bar. It was a question of fact as to whether E. Frank-
feld executed this contract individually or in the name of the firm.
Simply because the names coincided, he was not precluded from
giving such evidence. There being an individual E. Frankfeld and

a firm E. Frankfeld, there was a patent ambiguity upon the face of the contract, to eliminate which parol testimony was competent. It is a familiar principle in cases against co-partnerships that any one of the co-partners, if sued alone, may plead a defect of parties, and that this is a good plea when sustained by proof. In the case at bar the defendant pleaded defect of parties, giving the names of the absent parties and alleging that they were residing in New York. His plea being good in form, he offered to prove it, which was denied.

The ruling of the court seems to have proceeded upon the theory that where there are dormant partners, that is, where there are partners whose existence is not disclosed by the title of the firm even in the collective form of " & Co.," a party bringing an action against such firm may make as party defendant the individual whose name appears in the title of the firm, although he may know of the existence of other partners. That this rule is erroneous seems to be clear from the opinion of the court in *Marvin* v. *Wilber* (52 N. Y. 272), where the rule is recognized in respect to dormant partners that they need not be sued if the plaintiff did not know of their existence ; the converse of the proposition being equally true, that if he knows of the existence of a dormant partner he must make him a party. In the case at bar, evidence tending to prove that the plaintiff had knowledge of the existence of the other partners at the time of the making of this contract was excluded, which was error.

As for the contract being an individual contract of the defendant sued, it does not so appear upon its face. It is apparent from the paper as originally drawn that it was the understanding that the plaintiff was contracting with a co-partnership. He made a mistake in the co-partnership name, and the only alteration was in giving the true co-partnership name.

The claim which is presented, that the affidavit verified by the defendant and filed in the building department estops him from asserting that the contract with the plaintiff was a firm obligation, does not seem to have any foundation in law. There is not the slightest evidence that the plaintiff acted upon this affidavit, or that it was made for the purpose of his taking any action upon it ; and, therefore, no elements of any estoppel prevail. It seems to be

manifest that no other rule except such as has been stated in reference to this matter can obtain.

The firm of E. Frankfeld claimed to have a counterclaim arising out of this contract, and this counterclaim was excluded upon the ground that the right of action for the counterclaim connected with the doing of this work rested in the firm, whereas the obligation to pay for it rested in the individual.

It seems to be apparent that error was committed and that the judgment, therefore, must be reversed and a new trial ordered, with costs to appellant to abide the event.

PARKER and O'BRIEN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.